# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| **KOENIGS, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:17-cv-01109-STA-egb** |
| | ) | |
| **CITY OF SAVANNAH, TENNESSEE;** | ) | |
| **GARRY WELCH, individually, and in his** | ) | |
| **official capacity as City Manager of the** | ) | |
| **City of Savannah, Tennessee; RICKY** | ) | |
| **BRATTON; CURTIS MANSFIELD JR.;** | ) | |
| **and JOHN ALBERTSON III,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART
## GARRY WELCH'S AND THE CITY'S SECOND MOTION TO DISMISS

Before the Court is the Second Motion (ECF No. 34) of Defendants[1] Garry Welch ("Welch") and the City of Savannah, Tennessee, (the "City") to Dismiss the Amended Complaint (ECF No. 24) of Plaintiff Koenigs, L.L.C. As was the case in the Court's February 1, 2018 Order (ECF No. 33) resolving Defendants' First Motion to Dismiss and the Second Motion to Dismiss of Defendants Ricky Bratton, Curtis Mansfield Jr., and John Albertson III, Plaintiff presents a number of constitutional claims for consideration. Defendants contend that Plaintiff has failed to allege sufficient, concrete facts that support any of the claims against them—neither in terms of setting forth constitutional violations nor in terms of satisfying the additional requirements for establishing

---

[1] Unless otherwise noted by the use of "all Defendants," the other Defendants' names, "another Defendant," or simply "the other Defendants," the Court's use of "Defendants" in this Order refers *only* to Defendants Garry Welch and the City of Savannah.

the liability of a municipality or one of its officials. Plaintiff, however, argues that its allegations adequately support its constitutional claims and the additional hurdles for these particular Defendants. As to the requirements for municipal liability and an official's individual liability, the Court agrees with Plaintiff. But as to the actual claims of constitutional violations, the Court finds that Plaintiff has largely fallen short with one exception. For reasons set forth below, the instant Motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's procedural due process claims against Welch, in his personal capacity only, and the City survive this Motion, while all of Plaintiff's other claims against Defendants are hereby **DISMISSED**.

## I.    BACKGROUND

The Court recently set forth the procedural posture of this case and the allegations of the Amended Complaint as against all Defendants in its prior Order. *See Koenigs, L.L.C. v. City of Savannah*, 2018 U.S. Dist. LEXIS 16204, at *2–8 (W.D. Tenn. Feb. 1, 2018). In that Order, the Court denied Defendants' First Motion to Dismiss as moot but granted Defendants leave to file a new motion. And Defendants timely did so by filing the instant Motion. Plaintiff then filed a Response (ECF No. 36), to which Defendants filed a Reply (ECF No. 37).

## II.    STANDARD OF LAW

A defendant may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the Complaint as true, construing those allegations in the light most favorable to the non-moving party. *Saylor*

*v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("[I]t is well established that, in passing on a motion to dismiss, . . . the allegations of the complaint should be construed favorably to the pleader."). Legal conclusions and unwarranted factual inferences, however, need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976); *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971)). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). Under Federal Rule of Civil Procedure 8, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Thus, Plaintiff must have pleaded specific, concrete facts adequate to allow the Court to draw reasonable inferences that support the general allegations of Defendants' liability for each of Plaintiff's claims.

III.    **ANALYSIS**

      A.    **Municipal-Liability Claims Against the City**

A municipality may only be held liable under 28 U.S.C. § 1983 if its policies, customs, or procedures caused a violation of the plaintiff's constitutional rights.  *Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 685 (6th Cir. 2016) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 649 (6th Cir. 2012)).  In *Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005), the United States Court of Appeals for the Sixth Circuit listed four available avenues for a plaintiff to satisfy this requirement:  "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." 398 F.3d at 429 (citing *Pembaur v. City of Cincinatti*, 476 U.S. 469, 480 (1986); *Monell*, 426 U.S. at 694; *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997); *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996)).  Defendants argue that Plaintiff has merely recited the elements of this requirement rather than alleging the concrete facts necessary to satisfy it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of

the elements of a cause of action will not do.'"). But Plaintiff asserts in its Response that the Amended Complaint identified Welch as the City Manager and final policy maker for the City, and that Welch, using his authority thereto, removed Plaintiff from the City's towing list. Defendants nonetheless maintain in their Reply that Plaintiff's allegations are insufficient under the pleading standards of *Twombley* and *Iqbal*. Specifically, Defendants argue that there are no factual allegations that allow the Court "to infer more than the mere possibility of misconduct." Garry Welch's and the City of Savannah's Reply to Plaintiff's Response to the Motion to Dismiss the Amended Complaint, at 1–2, Mar. 26, 2018, ECF No. 37 (quoting *Iqbal*, 556 U.S. at 679). While the Court has not yet concluded that Plaintiff has sufficiently pleaded a constitutional violation, the allegation that Welch removed Plaintiff from the City's towing list in his capacity as City Manager is sufficient for this particular hurdle. Plaintiff's allegations, setting forth the specific facts that Welch removed Plaintiff from the towing list and that Welch, in his position as City Manager, had final decision-making authority, satisfy one of the avenues for municipal liability under section 1983. Thus, regardless of whether the evidence will later support these allegations, the Court will not summarily dismiss all claims against the City at this stage.

### B.      Individual-Capacity Claims Against Welch

Defendants next argue that Plaintiff has failed to state an individual-capacity claim against Welch. It is well settled in section 1983 claims that a plaintiff must demonstrate the defendant's personal involvement in the alleged constitutional violation. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976)) ("In order

to prevail on [its] claim, [a plaintiff] must establish that [the defendant] is culpable because he was personally involved in [the violation].”); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982) (“What is required is a causal connection between the misconduct complained of and the official sued.”); *see also Albea v. Bunn*, 2017 U.S. Dist. LEXIS 189466, at *14 (W.D. Tenn. Nov. 16, 2017) (citations omitted) (“Plaintiff[] ‘must [have] allege[d] with particularity[] facts that demonstrate what each defendant did to violate the asserted constitutional right.’ . . . Plaintiff[] must demonstrate each Defendant’s personal involvement in the violation.”). And Defendants assert that Plaintiff has failed to so. According to Defendants, Plaintiff’s allegations—that Welch (1) received false information from another Defendant, (2) removed Plaintiff from the towing list, (3) was the decision maker and author of the letter informing Plaintiff of its removal from the towing list, and (4) deprived Plaintiff of its constitutional rights—contain “no factual allegations that establish a causal connection between Welch and a constitutional violation.” Gary Welch’s and City’s Mem. of Law in Supp. of Their Motion to Dismiss Koenigs, L.L.C.’s Am. Compl. for Failure to State a Claim, at 4, Feb. 15, 2018, ECF No. 34-1 (citing Am. Compl., at ¶¶ 23–24, 35–36, Aug. 29, 2017, ECF No. 24). As with the City, it remains to be seen whether the allegations regarding Welch sufficiently describe a constitutional violation, but Plaintiff’s allegations are enough to establish a nexus between Welch and the purportedly unconstitutional conduct. Relying on the letter from Welch, Plaintiff alleges that Welch specifically removed Plaintiff from the towing list. Welch’s alleged conduct is the very basis for Plaintiff’s constitutional claims. Therefore, the Court declines to summarily dismiss all claims against Welch on the idea that Plaintiff insufficiently alleged Welch’s personal involvement in the violations set forth in the Amended Complaint.

**C.     Contracts Clause, First Amendment, Fifth-Amendment Due Process, Fifth-Amendment Equal Protection, and Equal Protection Clause Claims**

Any claims brought by Plaintiff against Defendants under the Contracts Clause, First Amendment, Fifth Amendment's Due Process Clause, equal protection component of the Fifth Amendment, or Equal Protection Clause are hereby **DISMISSED** for the reasons discussed by the Court in its prior Order dismissing such claims against the other Defendants. *Koenigs, L.L.C. v. City of Savannah*, 2018 U.S. Dist. LEXIS 16204, at \*12–18, 30–31 (W.D. Tenn. Feb. 1, 2018). Plaintiff has withdrawn its First Amendment claim, stated that it never brought a Contracts Clause claim, and adopted its equal-protection arguments from its prior Response (ECF No. 29) to the other Defendants. Neither Welch nor the City is an agent or division of the Federal Government. Therefore, the Court sees no need to discuss these claims further.

**D.     Takings Clause Claim**

Plaintiff maintains that its allegations—that (1) it had a property interest in remaining on the City towing list; (2) the City, through Welch, deprived Plaintiff of that interest by removing Plaintiff from the towing list without an investigation or other process that Defendants owed Plaintiff; and (3) the basis for its Amended Complaint was that Plaintiff received no compensation for the deprivation of its property interest—are sufficient to sustain a Takings Clause claim. Defendants disagree, noting both that "property" under the Takings Clause means "real property and personal property," *see Pittman v. Chi. Bd. of Educ.*, 64 F.3d 1098, 1104 (7th Cir. 1995) (citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003–04 (1984)), and that the Amended Complaint lacks an allegation that the City physically invaded or otherwise

appropriated any asset of Plaintiff. "Among its other prohibitions against government infringement on individual rights, the Fifth Amendment, made applicable to States and their subdivisions through the Fourteenth Amendment, provides that 'private property [shall not] be taken for public use, without just compensation.'" *Darling v. Lake Cty. Bd. of Comm'rs*, 2012 U.S. Dist. LEXIS 72978, at \*35 (N.D. Ohio May 25, 2012) (quoting U.S. Const. amend. V) (alteration in original). Although "[t]he Supreme Court has consistently declined to create a set formula for identifying a 'taking' forbidden by the Fifth Amendment," it "has instead prescribed an *ad hoc*, factual inquiry into the circumstances of each particular case." *Raceway Park, Inc. v. Ohio*, 356 F.3d 677, 684 (6th Cir. 2004) (citing *Connolly v. Pension Benefit Gty. Corp.*, 475 U.S. 211, 224 (1986)). Courts are to primarily consider three factors, though others may be relevant: (1) "the economic impact of the regulation on the claimant," (2) "the extent to which the regulation interfered with reasonable investment-backed expectations," and (3) "the character of the governmental action." *Id.*

The courts have dismissed taking challenges when, "the challenged government action caused economic harm[] . . . [but] did not interfere with interests that were sufficiently bound up with the reasonable expectations of the claimant to constitute 'property' for Fifth Amendment purposes." *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 124–25 (1978) (citations omitted). Here, Plaintiff alleges that it will suffer a great deal of economic harm by its exclusion from the towing lists: Plaintiff will no longer be called upon to perform post-accident cleanups and therefore not receive payment for such services. But is Plaintiff's presence on the City's towing list a cognizable property interest under the Fifth Amendment? The Court declines to resolve this issue here because another consideration weighs against finding that a taking has

8

occurred.  Plaintiff's Takings Clause claim must ultimately fail due to the nature of Defendants'

alleged conduct and the nature of the alleged property.  A government action shows the

characteristics of a taking when it "physically invade[s] or permanently appropriate[s] any of the

plaintiff[']s assets for its own use." *Raceway Park, Inc.*, 356 F.3d at 684; *see also Penn Cent.*

*Transp. Co.*, 438 U.S. at 124 (citing *United States v. Causby*, 328 U.S. 256 (1946)) ("A 'taking'

may more readily be found when the interference with property can be characterized as a

physical invasion by government . . . .").  But Plaintiff has not alleged that a government official

has seized any of its vehicles, buildings, money, or the like.  Plaintiff has alleged that the

government has arbitrarily declined to use Plaintiff's services.  Thus, the Court finds that

Plaintiff has failed to state a claim under the Takings Clause.  Accordingly, such claims are

hereby **DISMISSED**.


### E.        Fourteenth Amendment's Due Process Clause

The Court believes it has adequately described the distinction between the two

components of the Due Process Clause of the Fourteenth Amendment as well as the specificities

of a procedural due process claim in its prior Order.  *Koenigs, L.L.C. v. City of Savannah*, 2018

U.S. Dist. LEXIS 16204, at *18–30 (W.D. Tenn. Feb. 1, 2018); *see also Howard v. Grinage*, 82

F.3d 1343, 1350 (6th Cir. 1996) ("In short, substantive due process prohibits the government's

abuse of power or its use for the purpose of oppression, and procedural due process prohibits

arbitrary and unfair deprivations of protected life, liberty, or property interests without

procedural safeguards.").  Therefore, the Court will analyze Plaintiff's procedural due process

claim without a larger discussion but offer a more thorough treatment of substantive due process.

### 1.	Procedural Due Process

The Court previously determined that Plaintiff is claiming an unconstitutional deprivation of a property interest rather than a liberty interest. *Koenigs, L.L.C.*, 2018 U.S. Dist. LEXIS 16204, at *21–22. "To survive a motion to dismiss on his procedural due process claim, [Plaintiff must] plead facts that, if proven to be true, would support a finding that (1) [D]efendants deprived him of a constitutionally protected interest and (2) [Plaintiff] was not provided adequate procedural rights to protect that interest." *Martinez v. City of Cleveland*, 700 F. App'x 521, 522 (6th Cir. 2017) (citing *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999)). Defendants contend that "Plaintiff[] can point to no ordinance, contract or other 'rule[] of mutually explicit understanding[]' that support[s] [its] claim of entitlement to remain on the [City's towing] list." *Lucas v. Monroe County*, 203 F.3d 964, 978 (6th Cir. 2000) (citing *Perry v. Sindermann*, 408 U.S. 593, 601 (1972)). Plaintiff, however, relies on the Court's prior Order and argues that the same reasoning applies here. In that Order, the Court stated:

> In *Lucas* . . . the Sixth Circuit distinguished the case before it from *Gregg v. Lawson*, because "[i]n *Gregg*, the court held that the plaintiff had a 'legitimate claim of entitlement' in remaining on the wrecker tow list, on grounds that 'several references to and procedures for removal or suspension from the list to compel compliance with the regulations reflect the mutual nature of the relationship established by inclusion on the list.'" Plaintiff makes such allegations here, noting that the manual provided to each towing company contained the various requirements and detailed the removal procedures, which required a hearing and an appeal. Therefore, the Court finds that Plaintiff has sufficiently alleged the existence of a protected property interest in remaining on the State's towing list and that Plaintiff has sufficiently alleged that it was deprived of such interest.

*Koenigs, L.L.C.*, 2018 U.S. Dist. LEXIS 16204, at *23–24 (citations and emphasis omitted) (alteration in original). Here, Plaintiff alleged that the City has standards in

place that set forth the requirements for inclusion on the list.  Plaintiff further alleged that

it expended substantial funds to remain in compliance with said standards in exchange for

the expectation that it would remain on the City's towing list.  The Court finds these

allegations indicative of "[an alleged] mutual nature of the relationship established by

inclusion on the list."  Although these allegations are not as strong as those against the

other Defendants, *see id.* at *22–24, the Court thinks that they still pass muster at this

stage of the proceedings.  The allegations plausibly set forth a mutual understanding that

would tend towards a protected property interest.  Though the evidence later shown to the

Court may or may not reflect such an understanding, the pleading requirements are

satisfied.  And as Defendants do not address the adequacy of the procedures for removal

from the City's towing list, the Court finds that Plaintiff has satisfied both elements and

has therefore stated a claim for procedural due process against Defendants.


### 2. Substantive Due Process

The substantive component of "the Due Process Clause . . . bars certain arbitrary,

wrongful government actions 'regardless of the fairness of the procedures used to implement

them.'"  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quoting *Daniels v. Williams*, 474 U.S.

327, 331 (1986)).  As the Court stated in its prior Order, substantive due process "serves the

goal of preventing governmental power from being used for purposes of oppression, regardless

of the fairness of the procedures used."  *Koenigs, L.L.C.*, 2018 U.S. Dist. LEXIS 16204, at *20

(quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)) (internal quotation marks

omitted).  "Substantive due process . . . protects specific fundamental rights of individual

freedom and liberty from deprivation at the hands of arbitrary and capricious government action. The fundamental rights protected by substantive due process *arise from the Constitution itself* and have been defined as those rights which are 'implicit in the concept of ordered liberty.'" *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988) (citing *Palko v. Connecticut*, 302 U.S. 319, 325 (1937), *overruled on other grounds*, *Benton v. Maryland*, 395 U.S. 784, 794 (1969)) (emphasis added). Defendants raise and argue against multiple avenues for Plaintiff to claim a violation of substantive due process, and the Court will address each in turn below.

### i.    Infringement of a Fundamental Right

Defendants argue that the alleged property interest at issue in this case does not rise to the level of the rights guaranteed by substantive due process. Notably, "[t]he protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272 (1994) (citing *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 847–49 (1992)). Thus,

> [m]ost, if not all, state-created contract rights, while assuredly protected by procedural due process, are not protected by substantive due process. The substantive Due Process Clause is not concerned with the garden variety issues of common law contract. Its concerns are far narrower, but at the same time, far more important. Substantive due process "affords only those protections 'so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"

*Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990) (citations omitted). The Court does "not believe [that] liberty and justice are threatened, in the constitutional sense, by the failure of the [City or Welch] to abide by" its relationship with Plaintiff, whatever the facts may show that

relationship to be. *Id.* There is no fundamental right to inclusion on a governmental towing list that is implicit to our concept of ordered liberty. The injury alleged by Plaintiff amounts to a deprivation of its property interest without due process of law. The act itself of removing Plaintiff from the City's towing list is not beyond the limits of what Defendants may constitutionally do. While the procedural component of the Due Process Clause may dictate how Defendants may remove Plaintiff from said list, the substantive component in no way forbids that ultimate result. Therefore, Plaintiff's general substantive due process claims against Defendants are hereby **DISMISSED**.

### ii.        **Arbitrary and Capricious Action**

Independent of its due process causes of action, Plaintiff asserts that Defendants acted arbitrarily and capriciously in its Amended Complaint. Defendants correctly identify this claim as being under the umbrella of substantive due process even though an allegation of arbitrary and capricious behavior is analyzed differently than the assertion of a violation of a fundamental right. But despite Defendants' initial assertion to the contrary, Plaintiff is correct that "[w]hile challenges to arbitrary and capricious government action appear most frequently in cases involving zoning and other ordinances, they are not necessarily limited to such cases." *Warren v. City of Athens*, 411 F.3d 697, 707 (6th Cir. 2005) (citing *Zinermon*, 494 U.S. at 125; *Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 82–83 (1978); *Vill. of Belle Terre v. Boraas*, 416 U.S. 1, 8 (1974)). "[A] substantive due process violation occurs when arbitrary and capricious government action deprives an individual of a constitutionally protected property interest." *Id.* (citing *Nectow v. City of Cambridge*, 277 U.S. 183, 187–88 (1928); *Tri-Corp*

13

*Mgmt. Co. v. Praznik*, 33 F. App'x 742, 747 (6th Cir. 2002); *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216–17 (6th Cir. 1992)). To adequately plead such a claim, Plaintiff must allege (1) a constitutionally protected property interest and (2) the deprivation of said interest through arbitrary and capricious action by the government. *See Paterek v. Vill. of Armada*, 801 F.3d 630, 648 (6th Cir. 2015) (quoting *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008)). The Court has already found that Plaintiff sufficiently pleaded the existence of a constitutionally protected property interest. Thus, the issue here is whether Plaintiff's allegations describe an arbitrary and capricious deprivation by Defendants. Generally speaking, an action is arbitrary and capricious if "there is no rational basis for [it]." *Pearson*, 961 F.2d at 1221 (quoting *Stevens v. Hunt*, 646 F.2d 1168, 1170 (6th Cir. 1981)). Defendants argue that Plaintiff has merely recited the legal conclusion that Defendants' behavior was arbitrary and capricious without alleging any supporting facts. Plaintiff contends, however, that Welch's decision to remove Plaintiff from the City's list merely because Plaintiff had been removed from the State's list does not constitute a rational basis for the removal.

In the Court's view, Defendants' removal of Plaintiff from their towing list because Plaintiff had been removed from the State's list is not alone indicative of irrational behavior. Defendants had clearly set forth the requirement that wrecker services must comply with the State's own requirements—a rule that appears logically grounded in both efficiency and the protection of the City's citizens. And when presented with Plaintiff's removal from the State's towing list, Welch could quite rationally deduce that Plaintiff had violated the State's rules and, therefore, the City's rules. Whether the State's or Welch's inquiry was adequate is a matter of procedural rather substantive due process. Therefore, the Court finds that Plaintiff's allegations

14

do not support a finding of arbitrary and capricious behavior. Accordingly, Plaintiff's substantive due process claims against Defendants stemming from the allegations of arbitrary and capricious behavior are **DISMISSED**.

### iii. Additional Avenues

Defendants also argue that Plaintiff's allegations do not establish a violation of substantive due process in terms of "conduct that shocks the conscience" or based in Plaintiff's right to contract. Plaintiff does not address these issues. Accordingly, to the effect that Plaintiff raised a claim for a violation of substantive due process in these areas, such claims are hereby **DISMISSED**.

### F. Official Capacity Claim Against Welch

The parties are in agreement that Plaintiff's claims against Welch in his official capacity are superfluous to Plaintiff's claims against the City. Accordingly, Plaintiff's claims against Welch in his official capacity—but not his personal capacity—are **DISMISSED**.

### G. Qualified Immunity for Welch

Defendants also assert qualified immunity on behalf of Welch. The Court recently described the doctrine as follows:

> Qualified immunity is a doctrine that "shields officials from civil liability if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Its purpose is to provide some protection from suit to government officials that perform discretionary functions. . . . A qualified-immunity analysis has two steps: "(1) whether,

considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established."

*Albea v. Bunn*, 281 F. Supp. 3d 670, 677–78 (W.D. Tenn. 2017) (citing *Darrah v. Krisher*, 865 F.3d 361, 374 (6th Cir. 2017); *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310–11 (6th Cir. 2005); *Beard v. Whitmore Lake Sch. Dist.*, 402 F.3d 598, 602–03 (6th Cir. 2005)).  And although qualified immunity is an affirmative defense typically suited for the summary judgment stage of the proceedings, a federal "court can resolve the qualified immunity inquiry based on a [Rule 12(b)(6)] motion to dismiss."  *Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005) (citing *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165–68 (1993)).  But for this Court to do so, it must be certain that "no violation of a clearly established constitutional right could be found under any set of facts that could be proven consistent with the allegations or pleadings."  *Id.*  Here, Defendants only assert that Plaintiff has failed to sufficiently allege a constitutional violation.  As to all of Plaintiff's constitutional claims that the Court has dismissed for that very reason, Defendants are of course correct.  But since those claims have already been dismissed, the issue in each of those instances is now moot.  And as to Plaintiff's procedural due process claims, the Court has found sufficient allegations of a constitutional violation with, as discussed in Section III.B, sufficient allegations of Welch's personal involvement in the violation.  This finding still, however, leaves one question:  was the right that Welch purportedly violated clearly established?  But that question will not be answered today.  As Plaintiff points out, Defendants have not argued at this juncture that the right is not clearly established.  Thus, the Court believes the issue of Welch's qualified immunity is best preserved for summary judgment.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' Motion is **GRANTED IN PART AND DENIED**

**IN PART**.  All of Plaintiff's claims against Defendants, except its procedural due process claims

against Welch, in his personal capacity only, and the City are **DISMISSED**.

**IT IS SO ORDERED.**

> **s/ S. Thomas Anderson**
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
>
> Date:  April 23, 2018.