IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KOENIGS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-01109-STA-egb |
| | ) |
| CITY OF SAVANNAH, TENNESSEE; | ) |
| GARRY WELCH, individually, and in his | ) |
| official capacity as City Manager of the | ) |
| City of Savannah, Tennessee; RICKY | ) |
| BRATTON; CURTIS MANSFIELD JR.; | ) |
| and JOHN ALBERTSON III, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING RICKY BRATTON'S, CURTIS MANFIELD JR.'S, AND JOHN ALBERTSON III'S MOTION TO DISMISS**

Before the Court is the Third Motion (ECF No. 45) of Defendants[1] Ricky Bratton, Curtis Mansfield Jr., and John Albertson III to Dismiss the Amended Complaint (ECF No. 24) of Plaintiff Koenigs, L.L.C. Defendants contend that Plaintiff failed to allege sufficient, concrete facts that support Plaintiff's substantive due process and "arbitrary and capricious" claims. (ECF No. 45.) Plaintiff, however, argues that its allegations adequately support its claims. (ECF Nos. 46, 47 (adopting the arguments made in ECF No. 36).) The Court concludes that Plaintiff has failed to plead sufficient facts to support its substantive due process and arbitrary and capricious claims. Those claims are hereby **DISMISSED**.

---

[1] Unless otherwise noted by the use of "all Defendants," the other Defendants' names, "another Defendant," or simply "the other Defendants," the Court's use of "Defendants" in this Order refers *only* to Defendants Ricky Bratton, Curtis Mansfield Jr., and John Albertson III.

1

## I. BACKGROUND

The Court set forth the procedural posture of this case and the allegations of the Amended Complaint as against all Defendants in its prior Order. *See Koenigs, L.L.C. v. City of Savannah*, 2018 U.S. Dist. LEXIS 16204, at *2-8 (W.D. Tenn. Feb. 1, 2018). In that Order, the Court granted in part and denied in part Defendants' Motion to Dismiss. *Id.* at *10. Plaintiff's procedural due process claims under the Fourteenth Amendment survived Defendants' Second Motion to Dismiss. *Id.* The Court now considers Defendants' Motion to Dismiss Plaintiff's substantive due process claims under the Fourteenth Amendment and arbitrary and capricious claims.

## II. STANDARD OF LAW

A defendant may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the Complaint as true, construing those allegations in the light most favorable to the non-moving party. *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("[I]t is well established that, in passing on a motion to dismiss, . . . the allegations of the complaint should be construed favorably to the pleader."). Legal conclusions and unwarranted factual inferences, however, need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976); *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971)). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). Under Federal Rule of Civil

Procedure 8, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Thus, Plaintiff must have pleaded specific, concrete facts adequate to allow the Court to draw reasonable inferences that support the general allegations of Defendants' liability for each of Plaintiff's claims.

III. ANALYSIS

The substantive component of "the Due Process Clause . . . bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). As the Court stated in its prior Order, substantive due process "serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Koenigs, L.L.C.*, 2018 U.S. Dist. LEXIS 16204, at *20

(quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)) (internal quotation marks omitted). "Substantive due process . . . protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action. The fundamental rights protected by substantive due process *arise from the Constitution itself* and have been defined as those rights which are 'implicit in the concept of ordered liberty.'" *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988) (citing *Palko v. Connecticut*, 302 U.S. 319, 325 (1937), *overruled on other grounds*, *Benton v. Maryland*, 395 U.S. 784, 794 (1969)) (emphasis added). Defendants assert that removing Plaintiff from the TDOS towing rotation list was not violative of Plaintiff's substantive due process rights because (1) Plaintiff lacks a constitutionally protected liberty interest in remaining on the towing rotation list, and (2) Defendants' actions were rational. The Court will address each argument in turn.

**A. Remaining on the TDOS towing rotation list is not Plaintiff's fundamental right.**

Defendants argue that the alleged property interest at issue in this case does not rise to the level of the rights guaranteed by substantive due process. Notably, "[t]he protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272 (1994) (citing *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 847-49 (1992)). Thus,

> [m]ost, if not all, state-created contract rights, while assuredly protected by procedural due process, are not protected by substantive due process. The substantive Due Process Clause is not concerned with the garden variety issues of common law contract. Its concerns are far narrower, but at the same time, far more important. Substantive due process "affords only those protections 'so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"

*Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990) (citations omitted). The Court does "not

believe [that] liberty and justice are threatened, in the constitutional sense, by the failure of [Ricky Bratton, Curtis Mansfield Jr., and John Albertson III] to abide by" their or the state's relationship with Plaintiff, whatever the facts may show that relationship to be. *Id.* There is no fundamental right to inclusion on a governmental towing rotation list that is implicit to our concept of ordered liberty. The injury alleged by Plaintiff amounts to a deprivation of its property interest without due process of law. The act itself of removing Plaintiff from the TDOS towing rotation list is not beyond the limits of what Defendants may constitutionally do. While the procedural component of the Due Process Clause may dictate how Defendants may remove Plaintiff from said list, the substantive component in no way forbids that ultimate result. Therefore, Plaintiff's general substantive due process claims against Defendants are hereby **DISMISSED**.

### B. Plaintiff fails to show that Defendants' action was arbitrary or capricious.

Independent of its due process causes of action, Plaintiff asserts that Defendants acted arbitrarily and capriciously in its Amended Complaint. Defendants correctly identify this claim as being under the umbrella of substantive due process even though an allegation of arbitrary and capricious behavior is analyzed differently than the assertion of a violation of a fundamental right. "[A] substantive due process violation occurs when arbitrary and capricious government action deprives an individual of a constitutionally protected property interest." *Id.* (citing *Nectow v. City of Cambridge*, 277 U.S. 183, 187-88 (1928); *Tri-Corp Mgmt. Co. v. Praznik*, 33 F. App'x 742, 747 (6th Cir. 2002); *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216-17 (6th Cir. 1992)). To adequately plead such a claim, Plaintiff must allege (1) a constitutionally protected property interest and (2) the deprivation of said interest through arbitrary and capricious action by the government. *See Paterek v. Vill. of Armada*, 801 F.3d 630, 648 (6th Cir.

5

2015) (quoting *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008)). The Court has already found that Plaintiff sufficiently pleaded the existence of a constitutionally protected property interest. Thus, the issue here is whether Plaintiff's allegations describe an arbitrary and capricious deprivation by Defendants. Generally speaking, an action is arbitrary and capricious if "there is no rational basis for [it]." *Pearson*, 961 F.2d at 1221 (quoting *Stevens v. Hunt*, 646 F.2d 1168, 1170 (6th Cir. 1981)). Defendants argue that Plaintiff's contention that the decision to remove Plaintiff from the towing rotation list was "arbitrary and capricious in violation of the United States Constitution" is conclusory and insufficient. (ECF No. 45-1, at 5-6 (citing ECF No. 24, at ¶ 31(d)).) Plaintiff maintains, however, that there was no rational basis for its removal from the TDOS towing rotation list.[2]

Defendants contend that the decision to remove Plaintiff from the towing rotation list was based on TNJ trucking company's complaint, Defendant Bratton's investigation of that complaint, and Defendant Bratton's conclusion that Plaintiff overcharged TNJ trucking company in the amount of $29,046.28. Whether the state's inquiry or conclusion comported with procedural due process requirements is not the issue currently before the Court. Rather, the Court must determine whether the state had any rational basis for removing Plaintiff from the towing rotation list following the state's inquiry and conclusion.

A rule, policy, or practice that a company imposing excessive charges is not to be included on the TDOS towing rotation list appears rational. The state has an interest in protecting its citizens, and such a policy is one rational way by which the state serves that interest. Regardless of the fairness of the procedure used to implement the removal, the act of

---

[2] Because the Plaintiff did not respond to this allegation as it pertains to Defendants Ricky Bratton, Curtis Mansfield Jr., and John Albertson III, the Court assumes that Plaintiff maintains a similar rational basis argument with regard to the state defendants as it did to the city defendants. (*See* ECF No. 36.)

removing a company from the towing rotation list for charging excessive fees is neither arbitrary nor capricious. Accordingly, Plaintiff's substantive due process claims against Defendants stemming from the allegations of arbitrary and capricious behavior are **DISMISSED.**

IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion is **GRANTED**. Plaintiff's substantive due process claims under the Fourteenth Amendment, including its arbitrary and capricious claims, against Ricky Bratton, Curtis Mansfield Jr., and John Albertson III are **DISMISSED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 13, 2019