IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KOENIGS, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-01109-STA-jay |
| ) | |
| CITY OF SAVANNAH; GARRY WELCH, ) | |
| individually and in his official capacity; RICKY ) | |
| BRATTON, individually only; CURTIS ) | |
| MANSFIELD JR., individually only; and JOHN ) | |
| ALBERTSON III, individually only, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Unfortunately, a driver sometimes finds himself in need of a tow and unable to call for such service. In these instances, first responders contact a reputable towing company on the driver's behalf. To accommodate this need, the City of Savannah maintains a list of reputable, reliable towing companies. The list is for the benefit of drivers within the city, as the list is utilized only in cases where the driver has no company preference or is unable to choose a towing company.

Plaintiff is a towing company located in Savannah, Tennessee, that answers these calls from the Savannah Police Department. Plaintiff held a place on the City of Savannah's list until August 26, 2016, when the City of Savannah removed Plaintiff. That removal is the crux of the claims against the City and City Manager Garry Welch.

Plaintiff commenced this action on June 9, 2017, pursuant to 42 U.S.C. § 1983, for various alleged civil rights violations. (ECF No. 1.) The Court previously dismissed all of Plaintiff's claims against the City Defendants, with the exception of its procedural due process claim. (ECF

1

No. 38.)

Now before the Court is the City of Savannah's and Garry Welch's Motion for Summary Judgment on the issue of procedural due process, which was filed on March 18, 2019. (ECF No. 50.) Plaintiff filed its consolidated Response in opposition to the City Defendants' and the State Defendants' Motions for Summary Judgment on April 26, 2019. (ECF No. 58.) For the reasons stated below, the Defendants'[1] Motion is **GRANTED**.

BACKGROUND[2]

The City of Savannah, Tennessee, maintains a list of the only wrecker companies that the Savannah Police Department may utilize. (ECF No. 50-4 at 6.) The stated purpose of maintaining such a list is to ensure "the safe and efficient removal, storage and safekeeping of [any] and all vehicles being towed and placed into the custody of such wrecker service." (*Id.*) In furtherance of this purpose, the City established policies, procedures, and regulations regarding wrecker companies' equipment, drivers, procedures, and services. (*Id.*) These provisions are located in the City's Wrecker Service Standards Manual ("Manual"). (*Id.*)

Any company wishing to be included on the City's list, and therefore be subject to the provisions outlined in the Manual, must simply submit an application to the Chief of Police. (*Id.*) Plaintiff applied for inclusion on the City's list in 2014. (ECF No. 51-3 at 2-3.) One requirement for applicants is that they "meet THP [(Tennessee Highway Patrol)] Requirements and State Certification on equipment, insurance and drivers." Plaintiff was a member of the THP's list[3]—

---

[1] Unless otherwise stated, "Defendants" refers only to the City of Savannah and Garry Welch.
[2] The Court makes no finding as to these facts, as they are stated only for the purpose of deciding this Motion.
[3] Throughout the record, the State's list is referenced in different ways: e.g., THP's list, TDOS's list, the State's list, and DOSHS's list. These terms refer to the same list, subject to the same Tennessee DOSHS Manual (ECF No. 58-6). The State's list is distinct from the City's list, which is subject to the City's Manual (ECF No 50-4 at 6-22.)

2

thus evidencing Plaintiff's compliance with the THP's requirements—beginning in August of 2013. (ECF No. 51-3 at 2). Plaintiff was suspended from the THP's list on August 23, 2016, pursuant to Tennessee Department of Safety and Homeland Security ("DOSHS") Captain Mansfield's Final Determination that Plaintiff violated THP policy. (ECF No. 50-4 at 21-22.)

Upon learning of Plaintiff's suspension, Defendant City Manager Garry Welch sent Plaintiff a letter notifying it of its removal from the City's list. (ECF No. 24-1; ECF No. 50-4 at 2.) In the letter, Defendant Welch stated that Plaintiff was being removed from the City's list "due to [Plaintiff's] firm currently not being on the T.H.P. list of approved towing operations," pursuant to the city's Manual.[4] (ECF No. 24-1.)

Plaintiff would have been eligible for reinstatement (within thirty days) or reconsideration (after thirty days), upon a showing of THP compliance. (ECF No. 50-4 at 2-3.) Yet, Plaintiff never requested reinstatement or reapplied. (*Id.*) Regardless of Plaintiff's removal, Plaintiff still "frequently" receives and answers calls from the City of Savannah. (ECF No. 51-3 at 4.)

Contesting its removal from both the THP's list and the City's list, Plaintiff filed this suit pursuant to 42 U.S.C. § 1983 on June 9, 2017. (ECF No. 1.) The Court has since dismissed Plaintiff's claims, with the exception of its allegation that Defendants deprived Plaintiff of procedural due process when Defendant Welch eliminated Plaintiff from the City's list. (ECF No. 38.) That issue is now before the Court on summary judgment. (ECF No. 50.)

## LEGAL STANDARD

Summary judgment is appropriate if the Court determines that there is "no genuine dispute

---

[4] The "Application Proceduced [sic] for Inclusion on the S.P.D. Call List" requires, *inter alia*, that "[a]ll applications for inclusion on the Savannah Police Department rotation call list must meet T.H.P. Requirements and State Certification on equipment, insurance, and drivers." (ECF No. 50-4 at 7.)

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000).

The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001). The moving party must demonstrate "the absence of a genuine issue of material fact as to at least one essential element on Plaintiff's claim," at which point the non-moving party "must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010).

ANALYSIS

In their Motion for Summary Judgment, Defendants assert that the undisputed facts entitle them to judgment as a matter of law. (ECF No. 50.) In support of this assertion, Defendants state that Plaintiffs have no constitutionally protected property interest in remaining on the list. (ECF No. 50-1 at 4-10.) Further, Defendants contend that Defendant Garry Welch is entitled to qualified immunity. (ECF No. 50-1 at 10-12.) Plaintiff responded in opposition (ECF No. 58), to which Defendants replied (ECF No. 59). For reasons that follow, the Court finds that Defendants are entitled to summary judgment in their favor.

**I.    Plaintiff's Response neither raises a genuine issue of material fact nor responds to the merits of Defendants' procedural due process analysis.**

Circuit precedent prescribes that "[w]hen a plaintiff 'fails to address [a claim] in response

4

to a motion for summary judgment,' the claim is deemed waived." *Alexander v. Carter for Byrd*, 733 F. App'x 256, 261 (6th Cir. 2018) (quoting *Haddad v. Sec'y, U.S. Dept. of Homeland Sec.*, 610 F. App'x 567, 568-69 (6th Cir. 2015) (citing *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013))). "Where claims are so waived, district courts in this Circuit grant summary judgment as a matter of course." *Id.*

Here, Plaintiff does not address the issue by refuting case law or material facts as set forth by Defendants. The Court is confounded by this strategy given that the issue of procedural due process is outcome determinative. As substantively discussed below, Plaintiff must establish (1) that it has a constitutionally protected property interest in its place on the City's list and (2) that the government deprived Plaintiff of that interest without due process of law. *See infra* Section II.; U.S. Const. amend. XIV, § 1. Plaintiff addresses neither element.

In its consolidated Response, Plaintiff's primary argument is that the provision Plaintiff was cited by the City as having violated was inapplicable. (ECF No. 58-1 at 13-14.) The cited provision required that applicants wishing to be on the City's list "must meet T.H.P. Requirements." (ECF No. 50-4 at 7.) Plaintiff asserts that because it was already a list member—distinct from an applicant—this provision does not apply to Plaintiff. (ECF No. 58-1 at 13.)

Context and prudence preclude such an interpretation. For example, licenses are mentioned almost[5] exclusively in the Application and Inclusion section. Plaintiff's reading would allow a company to maintain its position on the City's list even if its tow truck drivers' licenses are later expired or suspended—drivers would only be required to have valid licenses at the time of application. (*See* ECF No. 50-4 at 7 (requiring that "[w]recker company drivers must possess

---

[5] The only other time licenses are mentioned is in the context of requiring that drivers be licensed prior to a company's inclusion on the list. (*See* ECF No. 50-4 at 12.)

a valid driver [sic] license").)

To further illustrate, if the Court were to read the provision in the way that Plaintiff urges, a company's application in 2019 could be denied if its owner was convicted of a felony in 1975. (*See* ECF No. 50-4 at 8.) Yet, a listed company could not be dismissed from the list if the owner committed and was convicted of a felony any time after being placed on the list.

Such a reading is irrational. Furthermore, Plaintiff's argument is irrelevant to the issue of procedural due process, which is the sole issue before the Court.

Any other argument in response to the City Defendants' Motion is difficult to construe from Plaintiff's filing. Seemingly, Plaintiff asserts that Defendant Welch should have received notice of Plaintiff's THP list removal in a different manner, from a different person, and with different proof. (ECF No. 58-1 at 13-14.) Plaintiff does not, however, refute that it was suspended from THP's list on August 23, 2016. Moreover, Ms. Koenig acknowledged its THP list suspension in her conversation with Defendant Welch. (ECF No. 58-5 at 4-5.) Again, this argument is irrelevant to the issue before the Court.

Plaintiff disputes no genuine issue of material fact relating to procedural due process. Thus, pursuant to Federal Rule of Civil Procedure 56, Defendants are entitled to a ruling on summary judgment if the Motion and supporting materials show that they are entitled as a matter of law.

**II.     Plaintiff has no constitutionally protected interest and therefore has no right to due process.**

The Fourteenth Amendment mandates that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Thus, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without*

*due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original); *see also Carey v. Piphus*, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons . . . from the mistaken or unjustified deprivation of life, liberty, or property.").

Deprivations of due process fall into two categories: 1) violations of procedural due process and 2) violations of substantive due process. *Mansfield Apt. Owners Ass'n v. City of Mansfield*, 988 F.2d 1469, 1473-74 (6th Cir. 1993); *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014). This Court previously dismissed Plaintiff's substantive due process claim (ECF No. 48); therefore, the issue of due process is before the Court only as it pertains to procedure.

Writing for the appellate panel, Judge Ryan of the Sixth Circuit explained the procedural component as follows:

> A procedural due process limitation, unlike its substantive counterpart, does not require that the government refrain from making a substantive choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision. The goal is to minimize the risk of substantive error, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. . . . The rationale for granting procedural protection to an interest that does not rise to the level of a fundamental right lies at the very heart of our constitutional democracy: *the prevention of arbitrary use of government power*.

*Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996) (emphasis added). Procedural due process thus ensures the rule of law in "a government which is to be administered by men over men," *The Federalist No. 51*, at 319 (James Madison) (Clinton Rossiter ed., 1961), by requiring certain procedures before an individual may be deprived of life, liberty, or property.

To prevail on a claim for deprivation of procedural due process, a plaintiff must first demonstrate that he was deprived of a constitutionally protected liberty or property interest. *Deming v. Jackson-Madison County Gen. Hosp. Dist.*, 553 F. Supp. 2d 914, 930 (W.D. Tenn. 2008) (citing *Marler v. State Board of Optometry*, 102 F.3d 1453, 1456 (8th Cir. 1996)). If the

7

Court finds that Plaintiff does not have a constitutionally protected interest, Plaintiff cannot assert a due process violation. *McCormick & Assocs., Inc. v. City of Detroit*, 61 F. App'x 953, 955 (6th Cir. 2003). The Court previously determined that Plaintiff is claiming an unconstitutional deprivation of a property interest rather than a liberty interest. (ECF No. 33.)

Here, Defendants assert that Plaintiff has no protected property interest in its placement on the City's list. (ECF No. 50.) The Court agrees.

In *Board of Regents v. Roth*, the Supreme Court discussed the basic principles governing the existence of property interests subject to procedural due process protections: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." 408 U.S. 564, 577 (1972). The Court further explained how such a claim of entitlement may be created: "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ." *Id.*; *Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 131 (6th Cir. 1997).

In *Perry v. Sindermann*, a companion case to *Roth*, the Supreme Court reiterated the conceptual basis for the creation of property rights: "A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit . . . ." 408 U.S. 593, 601 (1972). Here, Plaintiff has pointed to no such rules or mutually explicit understandings.

The Sixth Circuit and several district courts have considered cases like the instant case. In those cases, courts have found that companies removed from a rotation list pursuant to departments' removal policies have no constitutionally protected property interest in their list

8

placements.

In *Lucas v. Monroe County*, the relevant policy at issue expressly stated that a wrecker service would be immediately removed from the rotation list upon a violation of one of its provisions. 203 F.3d 964, 978 (6th Cir. 2000). The Sixth Circuit reasoned that, as a result, the removal policy did not create a "legitimate claim of entitlement" to remain on the call list. *Id*. Similarly, in *A-1 Wrecker Service, Inc. v. Dunn*, the trial court held there was no property interest where the sheriff's department policies provided that a wrecker service may be removed from the rotation list for a violation of any listed regulation. 2006 WL 2711686, at * 3 (E.D. Tenn. Sept. 21, 2006). And just months ago, the Sixth Circuit affirmed a decision out of the Eastern District of Tennessee finding that no protected property interest existed where the manual (1) provided that "[a] towing company that violates any part of this Manual may be removed or permanently suspended from participating on the Towing List for a period of time to be determined by the Department" and (2) contained no procedures for removal or suspension. *Adair, et al. v. Hunter*, 751 F. App'x 893 (6th Cir. 2019), *aff'g Adair, et al. v. Hunter*, No. 1:16-cv-3, 2018 U.S. Dist. LEXIS 221446, at *23 (E.D. Tenn., June 18, 2018); *cf. Gregg v. Lawson*, 732 F. Supp. 849, 853 (E.D. Tenn. 1989) (finding a constitutionally protected property interest where the relevant manual policies contained "several references to and procedures for removal or suspension from the list to compel compliance with the regulations," which "reflect[ed] the mutual nature of the relationship established by inclusion on the list").

Courts look to a department's policies and procedures because they reflect a decisionmaker's degree of discretion. The less discretion a decisionmaker has, the more likely it is that a constitutionally protected property interest exists. Conversely, "a party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is

wholly discretionary." *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002*)* (finding no protected property interest in receiving 911 dispatches from the City, because there was no enforceable policy or procedure restraining the City's discretion to suspend the dispatches); *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 856 (6th Cir. 2012).

Here, there were no relevant policies or procedures concerning suspension or removal. Unlike the DOSHS's Manual, the City's Manual had no "Disciplinary Matrix." (*See* ECF No. 58-6 at 28-34.) Several times, the City's Manual provided that a failure to perform in accordance with its provisions would result in a wrecker company's suspension or removal from the City's list. (*See, e.g.*, ECF No 50-4 at 6 ¶ A, 8 ¶ C, 9 ¶ C, 10 ¶ B(5), 11 ¶ (B)(7) (stating that suspension or removal will be "considered"), 13 ¶ J, 14 ¶ B(9), 14 ¶ A(4) (providing that the Chief of Police determines the suspension period for a company found to have a valid complaint against it), and 14 ¶ A(5) (providing that the City Manager determines the removal period for a company found to be in violation two or more times).) There are, however, almost no procedures in place for removal.[6]

Plaintiff was dismissed from the list pursuant to a provision stating that "[a]ll applications for inclusion on the Savannah Police Department rotation call list must meet T.H.P. Requirements and State Certification on equipment, insurance, and drivers." (ECF No. 50-4.) When Plaintiff was found to be in violation of THP's requirements, Plaintiff was promptly removed from the

---

[6] The Manual requires that if a company incurs a complaint, the complaint is deemed valid, and the complaint warrants the company's suspension, the City must provide the company with notice of its suspension in writing. (*See* ECF No. 50-4 at 19.) If the suspended company disagrees as to the validity of the complaint, it may ask the City Manager or Chief of Police to review the decision. (*Id.*) Even then, the Manual imparts discretion upon the City Manager and Chief of Police. (*Id.*) This section is immaterial, however, because Plaintiff's removal was not pursuant to a complaint.

10

THP's list.

Plaintiff's removal from the City's list was incidental to its removal from the State's list. No procedures were required for Plaintiff's suspension or removal from the City's list. As City Manager, Defendant Welch was "the final authority in all policies, procedures, and regulations governed by [the City's] Wrecker Service Standards Manual." That vested, insurmountable discretion prevents Plaintiff from having a constitutionally protected property interest. Thus, in accordance with the cases from this Circuit, Plaintiff cannot prevail on its procedural due process claim.

**III.     Defendant Welch is entitled to qualified immunity.**

Based on the foregoing analysis, Defendant Welch is entitled to qualified immunity. The doctrine of qualified immunity generally shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity 'gives ample room for mistaken judgments [and protects] all but the plainly incompetent or those who knowingly violate the law.'" *Essex v. Cty. of Livingston*, 518 F. App'x 351, 356 (6th Cir. 2013) (quoting *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009)).

The Sixth Circuit "follows a 'two-step inquiry' to determine whether qualified immunity applies." *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 897-98 (6th Cir. 2019) (citing *Ferris v. City of Cadillac, Mich.*, 726 F. App'x 473, 478 (6th Cir. 2018) (citing *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013))). "First, taken in the light most favorable to the party asserting the injury, do the facts alleged show that the officer's conduct violated a constitutional right? Second, is the right clearly established?" *Seales v. City of Detroit, Mich.*, 724 F. App'x

356, 359 (6th Cir. 2018) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)). The Court may address these prongs in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "If either prong is not met, then the government officer is entitled to qualified immunity." *Doe v. Miami Univ.*, 882 F.3d 579, 604 (6th Cir. 2018) (citing *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (2016)).

In this case, neither prong is met. The Court finds that Defendant Welch did not violate a constitutional right. Even if the Court's analysis is in error and Defendant Welch did violate Plaintiff's procedural due process rights, those rights were not clearly established. Thus, Defendant Welch is entitled to qualified immunity.

## CONCLUSION

The Court finds that Plaintiff cannot prevail on its procedural due process claim because it lacks a constitutionally protected property interest. Thus, Defendants' Motion is **GRANTED**. Alternatively, the Motion would have been granted on the basis of qualified immunity. As all claims have been dismissed, this case is hereby **DISMISSED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 19, 2019.